UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-132-RJC

| | |
|---|---|
| RICARDO DARNELL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| (FNU) GILLES, Sergeant, Asheville ) | |
| Police Department; ) | |
| A. J. BULEY, Jailer, Buncombe County ) | |
| Detention Center; ) | |
| S. DAVIS, Officer, Asheville Police ) | |
| Department; ) | |
| (FNU) FORE, Jailer, Buncombe County ) | |
| Detention Center; ) | |
| (FNU) ROGERS, Jailer, Buncombe ) | |
| County Detention Center; ) | ORDER |
| (FNU) McINTOSH, Jailer, Buncombe ) | |
| County Detention Center; ) | |
| (FNU) ARNOLD Jailer, Buncombe ) | |
| County Detention Center; ) | |
| (FNU) VANER, Jailer, Buncombe ) | |
| County Detention Center; ) | |
| (FNU) HONEYCUTT, Lieutenant, ) | |
| Buncombe County Detention Center; ) | |
| (FNU) BUCKNER, Jailer, Buncombe ) | |
| County Detention Center; and ) | |
| (FNU) WRIGHT, Sergeant, Buncombe ) | |
| County Detention Center ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's civil rights Complaint filed on June 1, 2011 pursuant to 42 U.S.C. § 1983. (Doc. No. 1). The Court also considers Plaintiff's Motion for Appointment of Counsel, (Doc. No. 2), and Request to File Criminal Charges Against BCDF Staff, (Doc. No. 8).

## I. BACKGROUND

Plaintiff alleges that on September 2, 2010, Defendants Davis and Buley subjected him to excessive force by physically assaulting him, and that such assault resulted in a broken rib. (Doc. No. 1 at 7-8). Plaintiff alleges that between September 2, 2010 until September 15, 2010, he reported his broken rib and blood flowing from his penis and anus to Defendants Honeycutt, Wilhelm, Hammon, Wright and other unidentified staff members and repeatedly asked them for medical attention but his requests were denied. (Id. at 8). Plaintiff claims that he was seen by a doctor on September 16, 2010, at which time he was diagnosed with a broken rib. (Id.). Plaintiff also alleges that he reported these matters to Sheriff Duncan and other Detention Center officials and was told that the incident would undergo further review but no action was taken by any official. (Id. at 8-9).

Plaintiff further contends that on December 4, 2010, Defendants Fore, Rogers, McIntosh, and Arnold conspired to assault him and did assault him by throwing cleaning chemicals on him while he was resting in his cell; that such assault was racially motivated; and that the assault resulted in physical and mental injuries. (Id. at 9). When Plaintiff reportedly asked a guard for water to rinse his eyes and for medical attention, she told him that Defendant Gilles said that he could not have either. (Id. at 10). Plaintiff further alleges that another guard filed a grievance for him with Defendant Honeycutt, but his grievance went unanswered. (Id. at 10). Plaintiff states that he wrote various jail officials about the situation but never received a response. (Id.).

Last, Plaintiff alleges that on April 12, 2010, when he observed detention officers reading his confidential legal mail, Plaintiff told them that they had no right to do that. (Id. at 11). After exchanging words, Defendants Varner, Buckner and others allegedly grabbed Plaintiff, threw him to the floor, choked him and threatened to kill him. (Id. at 12). Thereafter, Plaintiff

reported to Defendant Buckner and others that he had sustained head and shoulder injuries and was suffering from black outs. (Id.). Plaintiff again states that he was denied medical attention. (Id. at 12-13). On April 13, 2010, Plaintiff contends that he was forced to ride in pain with his hands behind his back in handcuffs during the four-hour drive to Central Prison. (Id. at 13-14). At Central Prison, Plaintiff was seen by a doctor who advised that his shoulder may have been dislocated. (Id.). Plaintiff reportedly continues to suffer from head, neck, back and shoulder injuries. (Id. at 14). By way of relief, Plaintiff demands $100,000 in compensatory and punitive damages from each Defendant. (Id. at 17).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee.

Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has conducted an initial review of

3

Plaintiff's Complaint and has determined that Plaintiff's claims pass the initial frivolity review. The Court will direct the U.S. Marshal Service to serve process on Defendants.

### III. DISCUSSION

A. Motion for Appointment of Counsel

Plaintiff also has filed a Motion for Appointment of Counsel. (Doc. No. 2). The law is clear that a civil litigant does not have a constitutional right to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa, 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of counsel in a civil case "is a privilege not a right"). Rather, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request the assistance of an attorney for an indigent person in a civil case. In order to warrant the Court's exercise of this discretion, the litigant must demonstrate the existence of exceptional circumstances. Whisenant, 739 F.2d at 163. The existence of exceptional circumstances depends upon "'the type and complexity of the case, and the abilities of the individuals bringing it.'" Id. (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). A plaintiff can show exceptional circumstances by demonstrating that he "has a colorable claim but lacks the capacity to present it." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

In support of his Motion, Plaintiff reports, inter alia, that: (1) he does not have the financial resources to hire an attorney; (2) his imprisonment will greatly limit his ability to litigate this case; (3) he has limited access to a law library; and (4) a trial will likely involve conflicting testimony and counsel would be useful in helping him to present his case. (Id. at 1-2). Such grounds are insufficient. First, the Court has not yet determined that Plaintiff's case will result in

4

Case 1:11-cv-00132-RJC   Document 15   Filed 02/10/12   Page 4 of 6

Plaintiff's Complaint and has determined that Plaintiff's claims pass the initial frivolity review. The Court will direct the U.S. Marshal Service to serve process on Defendants.

### III. DISCUSSION

A. Motion for Appointment of Counsel

Plaintiff also has filed a Motion for Appointment of Counsel. (Doc. No. 2). The law is clear that a civil litigant does not have a constitutional right to counsel. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. of Iowa, 490 U.S. 296, 298 (1989) (noting that 28 U.S.C. § 1915 does not authorize the compulsory appointment of counsel); Bowman v. White, 388 F.2d 756, 761 (4th Cir. 1968) (noting that obtaining the assistance of counsel in a civil case "is a privilege not a right"). Rather, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to request the assistance of an attorney for an indigent person in a civil case. In order to warrant the Court's exercise of this discretion, the litigant must demonstrate the existence of exceptional circumstances. Whisenant, 739 F.2d at 163. The existence of exceptional circumstances depends upon "'the type and complexity of the case, and the abilities of the individuals bringing it.'" Id. (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). A plaintiff can show exceptional circumstances by demonstrating that he "has a colorable claim but lacks the capacity to present it." Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).

In support of his Motion, Plaintiff reports, inter alia, that: (1) he does not have the financial resources to hire an attorney; (2) his imprisonment will greatly limit his ability to litigate this case; (3) he has limited access to a law library; and (4) a trial will likely involve conflicting testimony and counsel would be useful in helping him to present his case. (Id. at 1-2). Such grounds are insufficient. First, the Court has not yet determined that Plaintiff's case will result in

a trial. Second, the Court's review of Plaintiff's Complaint reflects that his claims are not complex; nor are the facts alleged in support of the claim difficult to comprehend. The Court finds that Plaintiff has adequately presented his positions to the Court. Therefore, Plaintiff's Motion for Appointment of Counsel, (Doc. No. 11), will be denied.

      B.      <u>Request to File Criminal Charges</u>

Finally, Plaintiff has filed a document styled as a "Request to File Criminal Charges Against BCDF Staff for Assault and Battery." (Doc. No. 8). The Court does not have authority to direct specific prosecutions in either federal or State court. <u>See generally</u> <u>Multimedia Holdings Corp. v. Circuit Court of Florida, St. Johns Cnty.</u>, 544 U.S. 1301, 1305 (2005) (noting that the decision to charge and prosecute a case is an executive function). Consequently, Plaintiff's Request must be denied.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is directed to prepare process for Defendants and deliver same to the U.S. Marshal;

2. The U.S. Marshal shall serve process upon Defendants;

3. Defendants shall file a Response in accordance with the Federal Rules of Civil Procedure;

4. Plaintiff's Motion for Appointment of Counsel, (Doc. No. 2), is **DENIED**; and

5. Plaintiff's Request to File Criminal Charges, (Doc. No. 8), is **DENIED**.

Signed: February 9, 2012

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge

6

Case 1:11-cv-00132-RJC   Document 15   Filed 02/10/12   Page 6 of 6