# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:11-cv-132-RJC

| | |
|---|---|
| RICCARDO DARNELL JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FNU GILES, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's motion to reopen his case. (Doc. No. 30). For the reasons that follow, Plaintiff's motion will be denied.

On June 1, 2011, the Clerk of Court filed Plaintiff's complaint which alleged various acts of assault and battery, excessive use of force and claims of medical indifference that Plaintiff contends he sustained while housed at the Buncombe County Jail between September 2010 and April 17, 2011. (Doc. No. 1 at 5-6).

On June 27, 2011, the Clerk of Court entered an Order waiving Plaintiff's initial filing fee and ordering that payments be made from Plaintiff's prisoner trust account. (Doc. No. 11). On July 29, 2011, Plaintiff filed a letter with the clerk notifying the Court of his change of address which Plaintiff identified as 2228 N. Davidson, Charlotte, North Carolina 28205. (Doc. No. 14).

On February 10, 2012, after conducting an initial review pursuant to 28 U.S.C. § 1915A, the Court ordered the Clerk to produce summonses and copies of the complaint for delivery to the U.S. Marshal for service on the named defendants. (Doc. No. 15). One week after entering this Order, the Clerk of Court filed notice that the Court's Order had been returned to the clerk's

1

office as undeliverable to the address provided by the Plaintiff, namely, the 2228 N. Davidson St. address. See (Doc. No. 17). The clerk mailed copies of the served and unserved summonses to the 2228 N. Davidson St. address and these were likewise returned as undeliverable. The Clerk noted that the address provided by the Plaintiff did not exist. (Doc. No. 20).

Meanwhile, the defendants were served by the U.S. Marshal, retained counsel and filed an answer to the allegations of Plaintiff's complaint and raised several affirmative defenses, including failure to exhaust administrative remedies and qualified immunity. (Doc. Nos. 21, 23).

On March 13, 2012, after noting that several documents mailed to Plaintiff had been returned as undeliverable to the address provided by the Plaintiff, the Court entered an Order requiring Plaintiff to provide current contact information to the Court within 14-days or risk dismissal of his Complaint for failure to prosecute. The Court found that under Rule 41(b) of the Federal Rules of Civil Procedure, plaintiffs have a duty to prosecute their cases and this includes the responsibility of keeping the Court informed of a current address. (Doc. No. 22 at 1-2). Continuing the trend, on March 16, 2012, the Court's Order was also returned as undeliverable to the address provided by the Plaintiff. (Doc. No. 24).

On May 24, 2012, or just over two months after the Court found that Plaintiff had failed to keep the Court apprised of his address, and resulting failure to prosecute, the Court entered an Order dismissing Plaintiff's complaint without prejudice for failure to prosecute as no new address had been forthcoming in response to the Court's Order of March 13, 2012. (Doc. No. 25). On May 31, 2012, this Order was also returned as undeliverable. (Doc. No. 28). The Clerk noted that Plaintiff had provided the Court with an incorrect address, a deficiency persisting since on or about July 29, 2011, or nearly 10-months prior to his case being dismissed for failure to prosecute. See (Doc. No. 14).

On June 8, 2012, Plaintiff provided the Court with what he identified as his new address: 332 Clarence St. #4, Charlotte, NC 28216. (Doc. No. 29). Along with this new address, Plaintiff filed a motion to reconsider the Court's order of dismissal. Plaintiff explains that he had been "unable to answer the Court order due to false incarceration from January 25, 2012 to March 19, 2012." (Doc. No. 30 at 1-1). Plaintiff does not, however, explain the nearly two and a half month delay in providing the Court with his current mailing address, that is, from March 17th to June 8, 2012.

Defendants, by and through counsel, oppose Plaintiff's request to have his complaint reinstated. Defendants argue that because Plaintiff's motion to reconsider was filed more than 10-days after entry of the judgment, that Plaintiff's motion for relief should be considered under Rule 60 of the Federal Rules of Civil Procedure, rather than under the terms of Rule 59. (Doc. No. 31). The Court notes that the 2009 Amendments to the Federal Rules of Civil Procedure enlarged the time for filing a Rule 59 motion from 10-days to 28 days. The Advisory Committee Notes observed that the time was enlarged, in part, due to the difficulty in preparing a post-judgment motion within the 10-day time frame.

In the present case, Court entered the Order of dismissal and the Clerk entered judgment on May 24, 2012. Plaintiff's motion to reconsider was filed at the latest on June 8, 2012, therefore the motion is timely under the 28-day provision of Rule 59. Even so, the Court finds that Plaintiff's motion to reinstate his complaint should not be granted because he has provided no just reason for his failure to prosecute his case. Plaintiff explains that the records of the "Mecklenburg County Jail and Court records clearly show that the Plaintiff in this case was incarcerated under a false crime from Jan. 23, 2012 to March 19, 2012 and was unable to answer or receive court documents from the U.S. Clerk of Court." (Doc. No. 30). First, Plaintiff

3

confirms in his motion that he provided the wrong address to the Court from July 2011, until he reappeared in his own case two months following his release from Mecklenburg County Jail, or on or about June 8, 2012. Second, Plaintiff offers no explanation why he could not have informed the Court of his mailing address prior to his learning of the dismissal. While Plaintiff was housed in the Mecklenburg County Jail, the Clerk of Court had issued process, the U.S. Marshals Service had served the same, and the Defendants had employed attorneys to contest Plaintiff's allegations.

Several factors caution against reinstating his complaint, most significantly, Plaintiff's failure to inform the Court immediately upon release from the Mecklenburg County Jail in March 2012, and his unexplained behavior in waiting two additional months following his release. While as noted below, the Plaintiff does appear to have been incarcerated in January 2012, it does not excuse his failure to prosecute his case, particularly in light of the fact that Plaintiff was arrested on new criminal charges. And while he awaited disposition of his charge of assault on a female and possession of an open container, his case was being litigated, and he had five months from his incarceration January 2012, until the Court finally dismissed case for failure to prosecute. See Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180 (Fed. Cir. 1990) (order affirming dismissal of case where party repeatedly ignored court-imposed deadlines and rules); Reider v.Gannon University, 481 F. App'x 707, 708 (3rd Cir. filed May 9, 2012) (unpublished opinion upholding sua sponte dismissal under Rule 41(b) in a pro se action) (citing Link v. Wabash Railraod Co., 370 U.S. 626, 630 (1962) (failure to prosecute case or comply with a court order authorizes dismissal).

In the present case, Plaintiff's continued inattention to his own case supports denial of his motion to reconsider the Court's Order of dismissal.[1]

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reconsider Dismissal of his Complaint is **DENIED**. (Doc. No. 30).

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] The sheriff's website lists these criminal charges as being filed against Plaintiff.